**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 19-284 (JRT/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| SHELBY GENE BOSWELL, | |
| Defendant. | |

On April 15, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered General Order No. 9, which continues all criminal proceedings that cannot be conducted using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available, with the consent of the defendant after consultation with counsel until May 17, 2020. See General Order No. 9 in re: Court Operations Created by the Exigent Circumstances of COVID-19 (April 15, 2020).[1] General Order No. 9 also continues all criminal jury trials through June 14, 2020. General Order No. 9 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act, including in cases where certain proceedings are held by video or telephone conference to address delays attributable to COVID-19. General Order No. 9 also vacates the General Orders entered on March 13 and March 17, which addressed criminal proceedings and trials.[2]

---

[1] All General Orders related to the COVID-19 outbreak may be found on the court's website at www.mnd.uscourts.gov.

[2] On March 13, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered a General Order continuing all jury trials through April 27, 2020 and continuing all trial specific deadlines in criminal cases through April 27, 2020. See General Order in re: Court Operations Created by the Exigent Circumstances of COVID-19 (March 13, 2020). Subsequently, on March 17, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered General Order No. 2 continuing all criminal proceedings, including grand juries, through April 16, 2020. See General Order No. 2 in re: Court Operations Created by the Exigent Circumstances of COVID-19 (March 17, 2020).

General Order No. 9, which is hereby incorporated by reference, was imposed based on: (1) the President declaring a national state of emergency in response to COVID-19; (2) the Governor of the State of Minnesota declaring a peacetime emergency to coordinate strategy to protect Minnesotans from COVID-19; (3) the Governor of the State of Minnesota implementing and extending a Stay at Home Order through May 3, 2020; (4) the COVID-19 restrictions imposed by local detention facilitates that reduce the ability of pretrial detainees to consult with legal counsel; (5) the COVID-19 restrictions imposed by the Bureau of Prisons that suspends most inmate movement; and (6) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants and the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice. Specifically, Order No. 9 states the following concerning the Speedy Trial Act:

> If the proceeding must be continued, the Court finds that the time of the continuances implemented by this order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice are served by ordering the continuances and outweigh the best interests of the public and of the criminal defendants under 18 U.S.C. § 3161(h)(7)(A). Absent further order of the Court or any individual judge, the period of exclusion shall be from March 17, 2020, to May 17, 2020. The Court may extend the period of exclusion as circumstances may warrant.

For the reasons addressed in General Order No. 9, and the well-documented concerns about COVID-19, the Court specifically finds that the ends of justice served by ordering the extension outweighs the best interests of the public and any defendant's right to a speedy trial, under 18 U.S.C. § 3161(h)(7)(A). In addition, under 18 U.S.C. § 3161(h)(7)(B)(i), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances. Accordingly, the time period between March 17, 2020, and May 17, 2020, will be excluded under the Speedy Trial Act, absent further order of the Court.

IT IS SO ORDERED.

Dated: April 23, 2020
at Minneapolis, Minnesota

s/John R. Tunheim
JOHN R. TUNHEIM
Chief Judge
United States District Court